Camille J. PAUL, Appellee,

v.

William F. SMITH, Attorney General of the United States of America, Department of Justice, Washington, D.C., Appellant.

No. 85–1496.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 4, 1985.

Decided Feb. 27, 1986.

Irene M. Solet, Rockville, Md., (Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., John P. Alderman, U.S. Atty., Roanoke, Va., Barbara L. Herwig, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., on brief) for appellant.

Arthur P. Strickland (Strickland & Rogers, Roanoke, Va., on brief), for appellee.

Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

The issue presented in this appeal is whether the Immigration and Naturalization Service is equitably estopped to deny Camille J. Paul's application for a certificate of citizenship. The district court held that the INS was estopped because border officials failed to advise Paul that he would have to reside in the United States for two years in order to retain his citizenship. We vacate the judgment of the district court because the officials had no duty to inform Paul of this requirement. We remand this case to the district court for consideration of Paul's constitutional claims, which the district court found unnecessary to address in view of its disposition of the case on the basis of estoppel.

I

Paul was born in Canada on July 18, 1934. His father was a Canadian citizen, and his mother was a United States citizen. Title 8 U.S.C. § 1401 (1976) provided that Paul was a United States citizen because of his mother's citizenship. To retain his citizenship, however, Paul had to reside in the

United States for a continuous period of two years between his 14th and 28th birthdays.*

Paul made many visits to the United States beginning in the 1950's, but he did not begin to reside continuously in this country until 1969, well after his 26th birthday. Every time Paul entered the United States, he informed the border officials that he was born in Canada but he was a United States citizen because of his mother's citizenship. At no time did the border officials alert Paul to the residency requirement of 8 U.S.C. § 1401.

Paul first learned of this requirement in 1976 when he contacted the U.S. consulate in Canada after being told by immigration officials that his social security card, issued in 1954, was insufficient proof of his citizenship. Paul then applied for a certificate of citizenship in August 1976. The application was denied by the INS for failure to comply with the two-year residency requirement.

Paul then filed a complaint in United States district court pursuant to 8 U.S.C. § 1503 (1982) seeking a declaration of his citizenship. The district court granted Paul's motion for summary judgment on the ground that the INS was estopped to deny Paul's citizenship. The court held:

> The plaintiff, by repeatedly making statements to INS border officials regarding his United States citizenship and the basis for that citizenship, presented himself to the INS and made himself available for information and advice. It was, therefore, unnecessary for the government to undertake the burden of seeking out Mr. Paul to inform him of the residency requirement. It can be implied that Mr. Paul, by making the statements, was seeking to have any inaccuracies in the statements corrected and any further necessary information provided. Under such circumstances, the government is estopped to deny the plaintiff's certification of United States citizenship.

* This residency requirement was eliminated in 1978, but the change was not made retroactive.

## II

Paul asserts that the INS is estopped to deny his application for a certificate of citizenship because the border officials failed to advise him of the residency requirement of 8 U.S.C. § 1401. We reject this claim because the border officials had no duty to render such advice.

Precedent governing this case is found in *Immigration and Naturalization Service v. Hibi,* 414 U.S. 5, 94 S.Ct. 19, 38 L.Ed.2d 7 (1973), where the Court held that the failure to publicize the right of certain soldiers to become naturalized citizens did not estop the government from enforcing a statutory deadline for naturalization petitions. Also, a claim similar to Paul's was rejected in *Rucker v. Saxbe,* 552 F.2d 998, 1004 (3d Cir.1977). In *Rucker,* the court held that the government was not estopped to enforce the residence requirement of § 1401 by its failure to inform a person living abroad, whose father was a citizen, of the necessity of returning to the United States to retain his own citizenship.

Paul asks us to distinguish *Hibi* and *Rucker* on the ground that he, unlike the petitioners in those cases, had frequent contact with immigration officials, who, nevertheless, gave him no information when he advised them of his claim to citizenship. We cannot accept Paul's argument, for we perceive no principled distinction in the cases. When Paul explained he was a citizen because of his mother's citizenship, the officers accepted his explanation and permitted him entry. Understandably, Paul never asked whether his claim of citizenship was valid. He did not disclose that he had never lived in the United States. He did nothing to alert the officers that he was ignorant of the statutory retention requirement. Consequently, there was no reason why the officers should not have honored his claim of citizenship at face value. We conclude therefore that, despite Paul's frequent contacts with offi-

*See* Act of Oct. 10, 1978, Pub.L. No. 95–432, § 1, 92 Stat. 1046, amending 8 U.S.C. § 1401 (1976).

cers at the border, the officers, as in *Hibi* and *Rucker*, had no affirmative duty to advise Paul about the immigration law.

Paul cites several cases as precedent for his claim. However, in these cases the government was estopped because it breached a duty owed to the applicant for citizenship. *See, e.g., Sun Il Yoo v. Immigration and Naturalization Service*, 534 F.2d 1325 (9th Cir.1976) (breach of duty to process application in a timely and accurate manner); *Corniel-Rodriguez v. Immigration and Naturalization Service*, 532 F.2d 301 (2d Cir.1976) (breach of regulation requiring official to advise applicant not to marry before entering the United States). These cases underscore our conclusion that the INS cannot be estopped for failing to act when it has no duty to act.

The judgment of the district court is vacated, and this case is remanded for consideration of Paul's constitutional claims.